Owria, per

Harper, J.
We think the avowry defective, and the motion must be refused. It is said, that the terms ‘making cognizance’ or ‘well acknowledges,’ imports a justification in the right of another. 2 Chit. Pl. 557, N. C. ‘Avow’ in like manner, imports a justifying in one’s own right; and in the same place we are told, that if one avows and the other acknowledges, without saying, as bailiff to the first, it will be error. The defendant, Givens, avows the taking, thus importing a justification in his own right, and shews the rent due to Mrs. Wigfall; and Nathans acknowledges, as bailiff of Givens, whom the avowry shews not to have been the landlord. Any agent to make a distress, is termed a bailiff. “If a man takes cattle for services due to the lord, if the lord afterwards agree to the talcing, he shall be adjudged his bailiff, though he was not his bailiff in any place before.” 1 Bac. Ab. Tit. Bailiff, 6. Subsequent assent amounts to authority, 1 Saun. 347, n. 4. If Givens had any actual share in making the distress, and they had authority from Mrs. Wigfall, or she was willing to adopt their act, both should have justified as bailiffs. • Or perhaps, if Givens was not actually present at the talcing of the distress, but had authority from Mrs. Wigfall to employ Nathans as bailiff, he might have pleaded non cepib. In that case, the authority of Nathans would have been direct from Mrs. Wigfall, and he should have justified as herbaiiiff; while Givens, being merely regarded as the medium through which the authority was conveyed, could not have been considered as a party to the talcing.
The motion is dismissed.
I concur. David Johnson.